**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL KING NELSON in his capacity as
a security-holder representative of the
shareholders of Kerberos Proximal Solutions,
Inc.,

    Plaintiff,

  v.

EV3, INC., FOXHOLLOW
TECHNOLOGIES, INC., COVIDIEN, PLC,
COVIDIEN GROUP S.A.R.L., a Luxembourg
Company, and COV DELAWARE, a Dublin,
Ireland Corporation,

    Defendants.
                                      /

No. C 10-03668 WHA

**ORDER THAT NOTICE BE
PROVIDED; ORDER FOR
TRIAL TO DETERMINE
STANDING; AND ORDER
GRANTING EXPEDITED
DISCOVERY**

    In this action arising from a fruitless earnout merger between two makers of medical devices, defendants move to dismiss on the ground that the merger agreement does not grant plaintiff Randall King Nelson the authority sue on behalf of the original shareholders of the sold company.

    The critical sentence in the merger agreement appears in Section 9.8(a):

> By virtue of the approval of the Merger and this Agreement by the Company Stockholders, each of the Company Stockholders and Company Optionholders shall be deemed to have agreed to appoint Randall King Nelson and Chris Martin as their agents and attorney-in-facts, as the Securityholder Representative for and on behalf of the Company Stockholders and Company Optionholders to give and receive notices and communications, to authorize payment to any Indemnified Party from the Escrow Fund or Right of Setoff in satisfaction of claims by such Indemnified Party pursuant to **Sections 9.2(a) and 9.2(b)**, to object to such payments, to agree to, negotiate, enter into settlements and compromises of, and demand

> arbitration and comply with orders of courts and awards of arbitrators with respect to such claims, *to assert, negotiate, enter into settlements and compromises of, and demand arbitration and comply with orders of courts and awards of arbitrators with respect to, any other claim by any Indemnified Party against any Company Stockholder or Company Optionholder or by any such Company Stockholder or Company Optionholder against any Indemnified Party or any dispute between any Indemnified Party and any such Company Stockholder or Company Optionholder, in each case relating to this Agreement or the transactions contemplated hereby,* and to take all other actions that are either (i) necessary or appropriate in the judgment of the Securityholder Representatives for the accomplishment of the foregoing or (ii) specifically mandated by the terms of this Agreement.

(With bold in the original, and italics supplied for emphasis.)

Defendants contend that the merger agreement limited the authorization of the security-holder representatives to assert affirmative claims only as a setoff or counterclaim to an indemnity claim by an indemnified party. Plaintiff contends that the agreement authorizes him to pursue any claim.

There are three independent sources of frustration in interpreting this clause. *First*, the comma in the phrase "with respect to, any other claim" makes the object of the verb "assert" unclear. *Second*, the use of the word "such" to modify "Company Stockholder or Company Optionholder" possibly supports defendants' argument that the assertable claims are limited to indemnification counterclaims, the word "such" possibly referring to those shareholders already sued for indemnity. *Third*, the curious syntax of the phrase "or any dispute," especially in light of the comma above, hinders understanding. A bench trial on this issue will be held, as per below.

The standing question is no small matter. Plaintiff must be shown to have the authority to sue that he claims to possess. If he does not, defendants risk facing repetitive lawsuits from shareholders. Conversely, shareholders risk liability for costs or sanctions awarded against Nelson. Basic fairness to all parties demands certainty as to whether the shareholders will indeed be bound by this litigation.

To get to the bottom of this, we will have a trial on the passage in question *and* plaintiff must also demonstrate, even if the language is construed as he wishes, that all shareholders

signed documents conferring the authority to sue on their behalf.  A contract *with defendant* is only half the story.  The other half must be proof that the shareholders signed over to plaintiff the authority to act on their behalf.  The shareholders have a right to be heard on this matter, for they may not necessarily agree that plaintiff is authorized to incur liability (for costs, if nothing else) on their behalf or to litigate and compromise their claims.

To this end, plaintiff must send notice to all shareholders, estimated at 70–100 in number, advising them of this lawsuit.  The notice must advise them of their right to intervene.  The notice must explain that as a result of this litigation their affirmative rights may be extinguished and they may be liable for costs or sanctions.  The underlying nature of the case must be described as well as the trial on the standing issues.  Both parties must agree on the form of the notice.  The notice and plans for its distribution must be submitted for approval by **OCTOBER 29, 2010**.

A one-day trial will be held at **8:00 A.M. ON MONDAY, DECEMBER 13, 2010**, on the foregoing to determine whether Nelson has representative standing to pursue the claims in the complaint.  Extrinsic evidence will be allowed.  Expedited discovery is ordered and must be completed one week before the trial.  Both sides may take two depositions and propound up to twenty reasonable and narrowly drawn document requests.  Counsel shall cooperate.  Within **FIVE CALENDAR DAYS**, each side shall disclose under Rule 26(a) all witnesses and documents on the standing issue (including whether an appropriate chain of signatures can be traced back to all shareholders), and within **TWENTY CALENDAR DAYS** each side shall disclose expert reports, if any, and the experts may be deposed as a third deposition.

**IT IS SO ORDERED.**

Dated:  October 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3