IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL KING NELSON in his capacity as a security-holder representative of the shareholders of Kerberos Proximal Solutions, Inc.,

    Plaintiff,

  v.

EV3, INC., FOXHOLLOW TECHNOLOGIES, INC., COVIDIEN, PLC, COVIDIEN GROUP S.A.R.L., a Luxembourg Company, and COV DELAWARE, a Dublin, Ireland Corporation,

    Defendants.

No. C 10-03668 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

In this action on behalf of shareholders alleging that a parent company did not fulfill its obligations under a merger agreement, defendants moved to dismiss all claims due to lack of standing and in the alternative to dismiss two of the three claims as a matter of law. Subsequent to a hearing on the motion, the parties have stipulated to a form of shareholder notice that is discussed in a separate order. For the reasons set forth below, defendants' motion in other respects is **DENIED**.

**STATEMENT**

Plaintiff Randall King Nelson sues on behalf of shareholders of Kerberos Proximal Solutions, Inc. A merger united two makers of medical devices. Kerberos's product was the Rinspirator, a hand-held device for infusing fluid into, and aspirating debris out of, coronary

and peripheral arteries. Defendant FoxHollow Technologies, Inc. manufactured SilverHawk, a device for removing plaque from peripheral arteries. The devices appeared to complement each other, and the larger FoxHollow acquired Kerberos.

The deal was an earnout agreement for an initial payment of $33 million which was to be followed by additional payments based on Rinspirator sales during the second and third years of the merger — from September 2007 to August 2009. The merger agreement obligated the surviving entity to "use commercially reasonable efforts to market, promote, sell and distribute" Rinspirator. According to the complaint, Kerberos shareholders expected the earnout proceeds to exceed the initial payment. The agreement allowed for up to $117 million in deferred payments.

But no additional payments were ever made. Rinspirator sales withered. Plaintiff alleges that FoxHollow shunned plaintiff's offers to help with the integration, pushed away key Kerberos workers, neglected its own workforce, inadequately trained salespeople, created sales disincentives, choked off research and development, and ignored the cardiovascular market. Moreover, FoxHollow squandered opportunities for synergy. For example, FoxHollow positioned Rinspirator as a preparation for SilverHawk with the slogan, "Rinse. Hawk. Walk." Plaintiff alleges that this strategy ignored the utility of using Rinspirator afterward as well, to remove debris generated by SilverHawk.

Defendant ev3, Inc. acquired FoxHollow just as the earnout period began. Plaintiff alleges that ev3 exacerbated all of FoxHollow's blunders with respect to Rinspirator and compounded the sales problems. After the close of the fruitless earnout period, ev3 was acquired by defendant Covidien, PLC.

Plaintiff asserts three claims in his complaint: breach of written contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. This action was removed from state court based on diversity jurisdiction. Defendants moved to dismiss the complaint on the ground that Nelson lacks authority to bring suit as a shareholder representative. Defendants also moved to dismiss the implied covenant and fiduciary duty claims as insufficiently pled.

2

A hearing on defendants' motion focused on the standing issue. The parties disputed whether a clause in the agreement authorized plaintiff to act as a shareholder representative only for limited types of claims (defendants' view) or for any claim (plaintiff's view). A subsequent order set out the sources of frustration in interpreting the clause, and set a one-day trial to determine whether Nelson has representative standing to pursue the claims in the complaint (Dkt. No. 28). The parties subsequently stipulated to a form of notice which would give each shareholder the opportunity to opt into being represented by plaintiff Nelson in this action; the proposed notice will be addressed in a separate order.

## ANALYSIS

**1.  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

The parties agree that, under the merger agreement, Delaware law governs. Under Delaware law, the implied covenant attaches to every contract. The Delaware Supreme Court recently stated:

> The implied covenant of good faith and fair dealing involves a cautious enterprise, inferring contractual terms to handle developments or contractual gaps that the asserting party pleads neither party anticipated. [O]ne generally cannot base a claim for breach of the implied covenant on conduct authorized by the agreement. *We will only imply contract terms when the party asserting the implied covenant proves that the other party has acted arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party reasonably expected.* When conducting this analysis, we must assess the parties' reasonable expectations at the time of contracting and not rewrite the contract to appease a party who later wishes to rewrite a contract he now believes to have been a bad deal. Parties have a right to enter into good and bad contracts, the law enforces both.

*Nemec v. Shrader*, 991 A.2d 1120, 1125–26 (Del. 2010) (internal quotation marks and footnotes omitted) (emphasis added).

The merger agreement expressly established that defendants had to perform with commercially reasonable efforts. Defendants contend that plaintiff has failed to state a claim because the covenant cannot *imply* a contract term — acting in good faith — where the parties have *expressly* bargained for a different term — performing with commercially reasonable efforts. Defendants' argument fails for two reasons.

*First*, the merger agreement was not so explicit that it left no gaps for implicit terms. Although the merger agreement itself ran eighty-five pages, the section regarding the

3

obligations of the parent ran only seven lines — and most of that dealt with proper calculation of the sales amounts. This action is concerned only with the following language: "Parent shall use commercially reasonable efforts to market, promote, sell and distribute" the Rinspirator. This provision is so spare that defendants cannot credibly claim that a good faith requirement would burden them with more than they bargained for.

*Second*, commercially reasonable efforts do not exclude good faith. Although defendants are correct that the agreement did establish an express standard of performance, the implied covenant is consistent with that express provision. Defendants are, in essence, asking that a reasonableness requirement not be read into a contract calling for reasonable efforts.

Defendants also contend that the implied covenant claim must fall because it is factually indistinguishable from the contract claim. Plaintiff correctly counters, however, that his complaint sets forth facts specific to his implied covenant claim.

The complaint alleges that FoxHollow and ev3 unreasonably came to see Rinspirator as a device that called attention to, rather than compensated for, SilverHawk's shortcomings. The complaint also alleges that defendants arbitrarily ignored the cardiovascular market. Plaintiff has not pled facts suggesting that Kerberos shareholders waived their implied right to be treated fairly by the defendants. Plaintiff is not asking that the contract be rewritten after the fact. Defendants' motion to dismiss on this ground is therefore **DENIED**.

**2.     BREACH OF FIDUCIARY DUTY**

Defendants move to dismiss the breach of fiduciary duty claim because they assert that no such duty existed. Defendants contend that the legal relationship was purely contractual, that a fiduciary duty cannot arise from an arms-length transaction, and, in any case, the express terms of the agreement ruled out a fiduciary duty.

Yet under Delaware law, a fiduciary duty can arise even outside of a traditional agency relationship. The Supreme Court of Delaware has held, "[a] fiduciary relationship is a situation where one person reposes special trust in another or where a special duty exists on the part of one person to protect the interests of another." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 113 (Del. 2006) (quotation marks omitted). A court must assess whether the two

parties' interests aligned, whether the defendant exerted dominion or control, and whether there was evidence of self-dealing. *Id.* at 114.

Defendants argue that the "commercially reasonable efforts" required in the merger agreement left room for defendants to pursue their own interests and was thus incompatible with a fiduciary relationship. But plaintiff has alleged sufficient facts in the complaint to suggest that his relationship with defendants went well beyond that of an ordinary commercial transaction. Plaintiff alleges that, at the outset, Rinspirator was thought to be a good counterpart to SilverHawk, suggesting that the interests of each company were aligned. After the merger, defendants controlled the fate of Rinspirator. While it is true that FoxHollow obtained this control by paying $33 million for the device, Kerberos's shareholders expected at least that much more based on Rinspirator sales. Plaintiff also alleges that, after the merger, defendants promoted SilverHawk at the expense of, instead of alongside, Rinspirator, suggesting self-dealing.

These facts sufficiently state a claim for breach of fiduciary duty under Delaware law to survive a Rule 12(b)(6) motion. Therefore, defendants' motion to dismiss plaintiff's fiduciary duty claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the implied covenant and fiduciary duty claims is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5