IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL KING NELSON in his capacity as a security-holder representative of the shareholders of Kerberos Proximal Solutions, Inc.,

   Plaintiff,

 v.

EV3, INC., FOXHOLLOW TECHNOLOGIES, INC., COVIDIEN, PLC, COVIDIEN GROUP S.A.R.L., a Luxembourg Company, and COV DELAWARE, a Dublin, Ireland Corporation,

   Defendants.

No. C 10-03668 WHA

**ORDER REGARDING STIPULATED FORM OF SHAREHOLDER NOTICE AND VACATING TRIAL ON STANDING**

  The parties have filed a stipulated form of notice to be sent to the 99 shareholders who will then have an opportunity to authorize plaintiff Nelson to act as their representative in this action. A serious question was raised regarding Mr. Nelson's standing to act as the shareholder representative, but the Court does not have to reach this issue given the stipulated procedure for obtaining shareholder authorization. The parties' proposed form of notice will be **APPROVED WITH THE FOLLOWING CHANGES**:

NOTICE

1. The notice states that a shareholder who does not opt-in shall have the right to bring his or her own, separate lawsuit, but the parties must add that a shareholder who does not opt-in shall also have the right to intervene in the instant lawsuit.

2. The proposed notice does not explain how any liability (for costs, sanctions, counter-judgments) would be apportioned among the shareholders who opt-in. Would liability be joint and several or would it be by pro rata share? This order determines that liability and entitlement to any award shall be apportioned by pro rata share (not joint and several), depending, *first*, on how many shareholders opt-in and, *second*, on the percentage of each shareholder's holdings. This should be made clear in the notice. If the parties disagree with this approach they must file a statement to that effect, stating why and requesting an alternative approach, by November 15, 2010, at noon.

3. The parties must add to the notice that this procedure is *not* pursuant to Federal Rule of Civil Procedure 23, and that the Court has not done a Rule 23 vetting of Mr. Nelson. It should specify that those shareholders who opt to authorize Mr. Nelson to act on their behalf should first, on their own, investigate Mr. Nelson and his ability to represent them.

4. The notice should state that Mr. Nelson has filed a declaration with this Court (as discussed below), how to access it, that before they sign the authorization form they can read the declaration, and that, again, the Court has not vetted Mr. Nelson's qualifications to act as a representative.

5. The parties must add that after the deadline for return of the authorization form has passed, shareholders will not be allowed to opt in.

AUTHORIZATION FORM

1. The authorization form must be more explicit that the responding shareholder agrees to be bound by all orders and judgments in the case.

2. The responding shareholder must list the following information so that it is clear who is providing authorization:
   - His or her full, complete name
   - The shares sold or held by unit number
   - His or her address and phone number

2

In the status report discussed below, the attorneys should file this information in two forms. The shareholders' names and cities of residence should be filed publicly, with the remaining information redacted. To protect identifying information, the full list of information should be filed under seal.

SIGNED STATEMENTS FROM THE DEFENDANTS

The defendants must submit statements from an authorized officer that they agree to be bound by this procedure and agree to pay out any liability against them, if there is such liability, to the authorizing shareholders.

DECLARATION FROM MR. NELSON

Although the notice out of caution will warn the shareholders that the Court has not done a Rule 23 vetting of Mr. Nelson, the Court feels it is prudent to investigate the bona fides of Mr. Nelson and his ability to represent the shareholders who opt-in. To that end, Mr. Nelson must submit a declaration in which he swears to the following:

- That he will faithfully represent the shareholders who authorize him to represent them and that he will be devoted to this litigation;
- What his qualifications are to manage this type of litigation on behalf of many others;
- Intended management of the litigation, not just a rubber-stamp for the lawyers; and
- That he has no conflicts or undisclosed agreements with counsel or any party.

This must be filed by November 17, 2010, at noon, so that shareholders can access it and read it.

\*            \*            \*

The parties must submit the new form of notice, authorization form, defendants' statements, and declaration from Mr. Nelson for approval by **NOVEMBER 17, 2010, AT NOON**. The parties shall propose a new schedule for the following: (1) a deadline by which they must send the notice certified mail, return receipt requested, to the current known address for each shareholder; (2) a deadline for receipt of the response from the shareholders, to be 45 days from the date of mailing; (3) a deadline by which they must file a status report on the receipt of notice

by each shareholder and a list of the shareholders who have authorized Mr. Nelson to represent them.

The one-day trial on December 13, 2010, is **VACATED**.  Defendants' motion to dismiss based on lack of standing is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  November 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE