**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL KING NELSON in his capacity as a security-holder representative of the shareholders of Kerberos Proximal Solutions, Inc.,

    Plaintiff,

  v.

EV3, INC., FOXHOLLOW TECHNOLOGIES, INC., COVIDIEN, PLC, COVIDIEN GROUP S.A.R.L., a Luxembourg Company, and COV DELAWARE, a Dublin, Ireland Corporation,

    Defendants.
                                   /

No. C 10-03668 WHA

**ORDER REGARDING DISPUTES PRECEDING SHAREHOLDER NOTICE**

The parties now present two disputes, resolution of which must precede notice to shareholders. One relates to the extent of conformity of Mr. Nelson's declaration to a prior order. The other is whether an amended complaint is required, as well as when defendants' answer must be filed.

A prior order required Mr. Nelson to file a declaration stating, among other things, that "he has no conflicts or undisclosed agreements with counsel or any party" (Dkt. No. 38). He did file a declaration, which stated: "I am not aware of any conflicts of interest with respect to any of the Kerberos shareholders, any other party to this litigation or their counsel. I also do not have any undisclosed agreements with any party to this action or with their counsel" (Dkt. No. 42). Defendants point out that there are subtle but potentially important differences between the language in the order and the language in the declaration.

*First*, the parties dispute whether the language in the order repeated above required Mr. Nelson to disclose the terms of engagement of his counsel. Not surprisingly, defendants argue disclosure is required and plaintiff argues it is not.

Of course shareholders should be apprised in advance, through the notice, of any agreement between counsel and Mr. Nelson that would result in a deduction from any shareholder recovery. For example, if attorney's fees will be deducted from any recovery, then that must be disclosed in advance so that shareholders can join the case with their eyes wide open. Similarly, if Mr. Nelson is going to obtain a fee from a recovery it should be stated in advance. Shareholders should be advised if they will have any liability for attorney's fees in the event that there is no recovery. It may be that none of these things are called for by the engagement agreement but that is unknown without more disclosure.

Accordingly, Mr. Nelson and his counsel shall discuss via declarations any and all aspects of agreements that could influence the extent of recovery by or liability of shareholders, and address the foregoing concerns. They may file these declarations under seal by **NOVEMBER 30, 2010**. A subsequent order will then address whether any of the information in the under seal submissions need be included in the shareholder notice (and thereby known by the defense).

*Second*, defendants point out that Mr. Nelson's declaration did not state whether he has any undisclosed agreements with any shareholders. It is true that his declaration states that he does not have conflicts of interests with the shareholders, but it does not state that he does not have agreements with them. Plaintiff's counsel states that this "concern[ is] unfounded," because "Mr. Nelson does not have any undisclosed agreements concerning this litigation with any party, not just those parties to the litigation." This is not the same as a statement under oath by Mr. Nelson that he does not have undisclosed agreements with any shareholders. Mr. Nelson shall file an additional declaration, that states whether he has any undisclosed agreements with any shareholders, by **NOVEMBER 30, 2010**.

Regarding the dispute over whether an amended complaint is required and when defendants' answer must be filed, this order holds that no answer need be filed until after the notice process is complete. After plaintiff has reported back on which shareholders chose to opt

in (*see* Dkt. No. 38), plaintiff shall have 14 days to file an amended complaint, which must include the opt-in shareholders as plaintiffs. Defendants will then respond to the amended complaint in the normal course, and no answer is required in the meantime.

**IT IS SO ORDERED.**

Dated: November 24, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE