**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL KING NELSON in his capacity as
a security-holder representative of the
shareholders of Kerberos Proximal Solutions,
Inc.,

    Plaintiff,

  v.

EV3, INC., FOXHOLLOW
TECHNOLOGIES, INC., COVIDIEN, PLC,
COVIDIEN GROUP S.A.R.L., a Luxembourg
Company, and COV DELAWARE, a Dublin,
Ireland Corporation,

    Defendants.

No. C 10-03668 WHA

**ORDER REQUIRING
PLAINTIFF TO AMEND
HIS COMPLAINT AND
TERMINATING EFFORTS
TO FASHION HYBRID
REPRESENTATIVE ACTION**

After this action was removed from state court, defendants moved to dismiss the complaint in part on the ground that plaintiff Randall King Nelson lacks authority to bring suit as a shareholder representative. The parties disputed whether a clause in the agreement that is the subject of this action authorized plaintiff to act as a shareholder representative for the claims in the suit versus a more limited set of claims irrelevant to the complaint. A subsequent order set out the issues, and set a one-day trial to determine whether Mr. Nelson has representative standing to pursue the claims in the complaint (Dkt. No. 28). The immediate parties in the action subsequently stipulated among themselves to a form of notice which would give each shareholder the opportunity to opt into being represented by Mr. Nelson in this action. Since the notice would have to give full disclosure of the rights and liabilities, offsets, fees and so forth — in other words, shareholders would need to know what they were opting in for — the

1  parties and the Court have gone back and forth about required amendments to the proposed
2  shareholder notice and related procedural issues (*see* Dkt. Nos. 33, 38–51).  The last round of
3  back-and-forth concerned disclosures by Mr. Nelson and his counsel about potential conflicts of
4  interest and fee arrangements that would affect the recovery of the makeshift opt-in class.

5        We have struggled to find a way to allow Mr. Nelson to bring some sort of hybrid
6  representative action to cure the supposed glitches in the contract, but the Court cannot bless
7  some scheme whereby shareholders are not fully informed of their rights and obligations
8  concerning wins and losses in this litigation.  Orders have repeatedly made clear the
9  requirement of full disclosure in the notice for the proposed opt-in class.  The responses have
10 been unacceptably evasive.

11       For example, the last order requiring further changes to the proposed notice stated:

> A prior order required Mr. Nelson to file a declaration stating, among other things, that "he has no conflicts or undisclosed agreements with counsel or any party" (Dkt. No. 38). . . . Mr. Nelson's declaration did not state whether he has any undisclosed agreements with any shareholders. Plaintiff's counsel states that this "concern[ is] unfounded," because "Mr. Nelson does not have any undisclosed agreements concerning this litigation with any party, not just those parties to the litigation." This is not the same as a statement under oath by Mr. Nelson that he does not have undisclosed agreements with any shareholders. Mr. Nelson shall file an additional declaration, that states whether he has any undisclosed agreements with any shareholders . . .

18 (Dkt. No. 49.)  Yet once again, he did not file a declaration that stated whether he has any
19 undisclosed agreements with any shareholders.  He filed a declaration that stated: "I do not have
20 any undisclosed agreements with any of the former Kerberos shareholders *relating to this*
21 *litigation*" (Dkt. No. 51 (emphasis added)).  Moreover, the declaration of counsel filed under
22 seal raises myriad issues that may well affect the rights and obligations of shareholders, yet
23 meanwhile requests that they not be disclosed in the notice to shareholders.  And, now we learn
24 for the first time that Mr. Nelson intends to charge *$150 per hour* to represent the hybrid class
25 in this proposed representative action, *i.e.*, turning the action into a profit center for himself.

26       At long last, the Court is unwilling to struggle further to find a way for Mr. Nelson to
27 proceed outside of the normal Rule 23 safeguards.  For that reason the Court will no longer
28

entertain the possibility of a hybrid opt-in class and will require plaintiff to proceed strictly under Rule 23. Possibly, it can be done; possibly not.

Nor may the parties to fall back on an evidentiary hearing to resolve the standing issue. The donnybrook that resulted from the parties' effort to let Mr. Nelson proceed as the representative of a hybrid class has flushed out a number of circumstances that concern, if not alarm, the Court as to the rights of the shareholders not before it. An evidentiary hearing where the only parties are Mr. Nelson and defendants could, in a collusive manner, adjudicate rights of the absent shareholders, without them being present.

Without the ability to bring in the absent shareholders, it would be unfair to adjudicate their rights under the agreement. Therefore, the only possible way to proceed is for plaintiff Nelson to refile the complaint as a putative class action under Rule 23. In that regard, it is unlikely that the Court would approve an incentive fee of the large size that Mr. Nelson seeks, that being $150 for every hour he works on this lawsuit (Dkt. No. 51). Mr. Nelson seems to be trying to turn this into a profit center for himself, but the safeguards of Rule 23 will protect against that. Furthermore, Mr. Nelson's selection of counsel will have to be vetted under Rule 23. Attorney's fees would be allowable only pursuant to Rule 23(h), not via a secret arrangement between Mr. Nelson and his counsel, a secret arrangement they refuse to fully disclose to the Court or to putative class members.

For the foregoing reasons, plaintiff may amend his complaint to proceed either as an individual or as a class representative under Rule 23. To do so, plaintiff must file a motion on the normal 35-day track for leave to file an amended complaint. A proposed amended complaint must be appended to the motion, and the motion should clearly explain how the amendments conform to the mandate herein that plaintiff proceed either individually or on behalf of a proposed class pursuant to Rule 23. The motion for leave to file an amended complaint must be made by **DECEMBER 21, 2010, AT NOON**.

**IT IS SO ORDERED.**

Dated: December 2, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3